**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vernes Alibegovic, <br><br> Plaintiff, <br><br> v. <br><br> United States Citizenship and Immigration Services, et al., <br><br> Defendants. | No. CV12-1333 PHX DGC <br><br> **ORDER** |

On June 21, 2012, Plaintiff Vernes Alibegovic filed a complaint against Defendants United States Citizenship and Immigration Services and John M. Ramirez. Doc. 1. Plaintiff also filed a motion for leave to proceed in forma pauperis ("IFP"). Doc. 2.

Plaintiff's request for IFP status will be granted. Plaintiff's affidavit establishes that he has minimal income, no assets, and cannot afford the filing fee in this case. 28 U.S.C. § 1915(a).

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). While much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Id.* at 1130.

Plaintiff's complaint is one sentence long: "Grant citizenship, or refund some of

1   $1300 spent twords [sic] citizenship." Doc. 1. The complaint fails in several respects.

2   Federal Rules of Civil Procedure 8(a)(1) requires that the complaint contain short and plain a statement of the grounds for the Court's jurisdiction. The complaint contains no basis for jurisdiction.

Rule 8(a)(2) requires a short and plain statement showing that the pleader is entitled to relief. This statement need not contain detailed factual allegations, but "it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully"). When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Plaintiff's complaint contains no explanation of the legal claim he is asserting in this case or the factual basis for the claim. Dismissal is appropriate where the complaint lacks a cognizable legal theory or lacks sufficient facts alleged under a cognizable legal theory. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)); *see also Lopez*, 203 F.3d at 1127-29 (§ 1915(e)(2)(B)(ii)'s mandated dismissal of an IFP complaint allows a district court to grant leave to amend); *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy."). The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint, consistent with this order, that properly states a claim for relief. Plaintiff shall have until **August 10, 2012,** to file an amended complaint.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Iqbal*, 129 S. Ct. at 1950 ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief.") (citing Fed. R. Civ. P. 8(a)(2)). If Plaintiff chooses to file an amended complaint asserting constitutional violations by state officials, his pleading should include a statement of the constitutional rights Plaintiff believes to have been violated, how each right was violated, how each Defendant contributed to the violation, and what injury was caused by each alleged constitutional violation. *See Jimenez v. State of Arizona*, No. CV-08-0892 (D. Ariz. May 22, 2008) (order dismissing with leave to amend). Such factual allegations must provide enough information to "allow[] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1149.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's

complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **granted**.

2. Plaintiff's complaint (Doc. 1) is **dismissed** without prejudice.

3. Plaintiff shall have until **August 10, 2012** to file an amended complaint consistent with this order.

4. The Clerk of Court shall **terminate** this action without further order of Court if Plaintiff fails to file an amended complaint by **August 10, 2012**.

Dated this 12th day of July, 2012.

David G. Campbell
United States District Judge

- 4 -